# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00022-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMIE LEE ALLEN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's Amended Motion to Seal [Doc. 104].

The Defendant, through counsel, moved the Court for leave to file a Sentencing Memorandum under seal in this case. [Doc. 97]. The Court denied that motion without prejudice to the filing of an amended Motion to Seal that identifies with specificity the portions of the sentencing memorandum sought to be sealed and provides sufficient basis for the sealing thereof. [See Minute Entry dated May 27, 2021; Text-Only Order dated June 1, 2021]. The Court further directed that the Sentencing Memorandum [Doc. 96] would remain temporarily under seal until further Order of this Court. [Id.].

The Defendant now submits a redacted version of the Sentencing Memorandum and moves to seal the original Sentencing Memorandum. [Docs. 104, 105]. For grounds, counsel states that the redacted portions of the memorandum contain sensitive information about the Defendant and information about third parties. [Doc. 104 at 2].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's amended motion. The Defendant filed his amended motion and the proposed redacted version of his Sentencing Memorandum on June 14, 2021, and they have been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the redacted portions of the memorandum contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v.

2

Case 1:20-cr-00022-MR-WCM   Document 106   Filed 06/15/21   Page 2 of 3

Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted Sentencing Memorandum is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.

Accordingly, the Defendant's amended Motion to Seal is granted, and counsel shall be permitted to file the redacted Sentencing Memorandum in the public record. The unredacted version of the Sentencing Memorandum [Doc. 96] shall remain on the docket under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion to Seal [Doc. 104] is **GRANTED**, and the redacted Sentencing Memorandum [Doc. 105] shall be filed in the public record. The unredacted version of the Sentencing Memorandum [Doc. 96] shall remain on the docket under seal.

**IT IS SO ORDERED.**

Signed: June 15, 2021

Martin Reidinger
Chief United States District Judge